UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIONEL Z. GLANCY, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

    Civil Action No. 02-75120
    Honorable Victoria A. Roberts

ROBERT S. TAUBMAN, WILLIAM S. TAUBMAN,
LISA A. PAYNE, GRAHAM T. ALLISON, PETER
KARMANOS, JR., ALLAN J. BLOOSTEIN, JEROME
A. CHAZEN and S. PARKER GILBERT,

    Defendants,

  -and-

TAUBMAN CENTERS, INC.,
    Nominal Defendant.

FILED
SEP 19 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

RAYMOND K. CLARK, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

    Civil Action No. 03-72215
    Honorable Victoria A. Roberts

ROBERT S. TAUBMAN, WILLIAM S. TAUBMAN,
LISA A. PAYNE, GRAHAM T. ALLISON, PETER
KARMANOS, JR., ALLAN J. BLOOSTEIN, JEROME
A. CHAZEN and S. PARKER GILBERT,

    Defendants,

  -and-

TAUBMAN CENTERS, INC.,

1

Nominal Defendant.
_____/

## ORDER AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE

This matter came before the Court on the unopposed requests of Plaintiff in Civil Action No. 02-75120, Lionel Z. Glancy, and Plaintiff in Civil Action No. 03-72215, Raymond K. Clark, respectively, to dismiss the captioned actions (the "Actions"). They stipulate to the following:

1. In the Actions, the complaints as amended assert class and derivative claims relating to measures taken by the Board of Directors (the "Board") of Taubman Centers, Inc. ("TCO"), in response to an unsolicited tender offer by Simon Property Group, Inc., and its acquisition subsidiary, Simon Property Acquisitions, Inc. (collectively, "SPG").

2. Through the Actions, Plaintiffs sought to compel the Board to withdraw its opposition to SPG's tender offer to acquire the outstanding common stock of TCO, first for $18.00 per share, and subsequently for $20.00 per share. Plaintiffs alleged, *inter alia*, that Defendants breached their fiduciary duties through alleged anti-takeover and/or defensive measures.

3. In the course of the litigation, TCO implemented several corporate goverance changes in accordance with Plaintiffs' proffered goals in this litigation, including but not limited to:

- TCO's opt out of the Michigan control share acquisitions statute, Mich. Comp. Laws §§450.1790-.1799;

- The grant to the outside directors of TCO of authority to conduct meetings outside the presence of the chief executive officer (the "CEO") of TCO;

2

- Specification of the number of meetings to be held by the outside directors each year;

- That the Nominating Committee of the Board shall be comprised solely of outside directors;

- That a separate committee of the Board shall oversee corporate governance issues;

- That the CEO serve on no more than two other corporate boards;

- That TCO Corporate Governance Guidelines be publicly disclosed;

- That Board members be expressly authorized to retain outside advisers; and

- That the selection of TCO's independent accounting firm be subject to shareholder ratification.

4. That Plaintiffs' claims in the Actions became moot when SPG withdrew its tender offer and TCO's common stock began trading at a price greater than SPG's highest tender offer price of $20.00 per share, and when TCO adopted substantial corporate governance changes, including those as set forth above.

5. That the Actions provided substantial value to TCO's shareholders. In response, TCO's insurance carrier, American International Specialty Lines Insurance Company ("AISLIC"), has agreed to pay the sum of $2 million within 20 days of the Court's entry of this Order. This sum is paid without any admission of any wrongdoing by TCO, the defendants named in the Actions, or any other person or entity, and is paid on behalf of TCO, and without recourse by AISLIC against TCO, defendants, or any other person or entity. Plaintiffs' attorneys have agreed to accept this sum from AISLIC, in full satisfaction and discharge of their claim for legal services performed and reimbursement of expenses incurred in the prosecution of the Actions.

PAGE 6/8 * RCVD AT 9/8/2005 12:02:21 PM [Eastern Daylight Time] * SVR:NYRFAX01/0 * DNIS:1229 * CSID:3132345493 * DURATION (mm-ss):02-24

6. That the claims are moot and, for that reason, class certification of the Actions will not be sought.

Based on the above stipulations:

A. The Court finds that putative class members are not likely to be prejudiced by the settlement and dismissal of this action. Therefore, the parties are not required to give putative class members notice of the settlement and dismissal in accordance with the provisions of FRCP 23(e)(1)(B); and

B. It is ordered that the Actions and all of the claims asserted in the Actions are dismissed on the merits with prejudice and without costs to any party.

The undersigned stipulate to entry of this Order and Final Judgment of Dismissal with Prejudice:

MILBERG WEISS BERSHAD & SCHULMAN LLP
Attorneys for Plaintiff

Steven G. Schulman
Seth Rigrodsky
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendants and Nominal Defendant

Joseph Aviv (P 30014)
Bruce L. Segal (P 36703)
Suite 100
38500 Woodward Avenue
Bloomfield Hills, Michigan 48304-5048
Telephone: (248) 566-8404

MILLER SHEA, P.C.
Attorneys for Plaintiffs

E. Powell Miller (P 39487)
Suite 135
1301 West Long Lake Road
Troy, Michigan 48098
Telephone: (248) 267-1200

SCHIFFRIN & BARROWAY, LLP
Attorneys for Plaintiffs

Marc A. Topaz
Sandra G. Smith
Schiffrin & Barroway
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

4

WECHSLER HARWOOD LLP
Attorneys for Plaintiffs

*[signature]*

Matthew M. Houston
488 Madison Avenue
New York, New York 10022
Telephone: (212) 935-7400


IT IS SO ORDERED.

Dated: SEP 19 2005

*[signature]*

VICTORIA A. ROBERTS
UNITED STATES DISTRICT COURT

5

PAGE 8/8 * RCVD AT 9/8/2005 12:02:21 PM [Eastern Daylight Time] * SVR:NYRFAX01/0 * DNIS:1229 * CSID:3132345493 * DURATION (mm-ss):02-24